UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-23487-CIV-HUCK

PABLO SAN MARTIN,

    Petitioner,

v.

WALTER A. MCNEIL, Secretary of the
Florida Department of Corrections,

    Respondent.
_____/

## ORDER GRANTING CERTIFICATE OF APPEALABILITY

This matter came before the Court upon Pablo San Martin's (the "Petitioner") Notice of Appeal (D.E. #26) by which the Petitioner seeks to appeal this Court's order (D.E. #25) denying as untimely his Petition for Writ of Habeas Corpus by a Person in State Custody (D.E. #1).

An order denying a petition for writ of habeas corpus is not appealable as a matter of right. 28 U.S.C. § 2253(c)(1)(A); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). A court must construe a notice of appeal as an application for a certificate of appealability. *Slack*, 529 U.S. at 483; Fed. R. App. P. 22(b)(1) (mandating that in a 28 U.S.C. § 2254 proceeding "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under [§ 2253(c)]. If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue.").

This Court denied the Petition on procedural grounds. Specifically, this Court denied the Petition because the one-year limitation set forth in 28 U.S.C. § 2244(d)(1)(A) expired on December 5, 2008, and the Petitioner filed the Petition thirteen days later on December 18, 2008. This Court declined to consider the Petition under equitable tolling or actual innocence principles.

Although § 2253(c) permits the issuance of a certificate of appealability only if the applicant makes a "substantial showing of the denial of a *constitutional* right," a court may nevertheless issue a certificate of appealability where the district court's denial of the habeas petition was based on procedural grounds. *Slack*, 529 U.S. at 483 (holding that appellate courts may review habeas

petitions that were dismissed on procedural rather than constitutional grounds and finding that "Congress expressed no intention to allow trial court procedural error to bar vindication of substantial constitutional rights on appeal") (emphasis supplied).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Accordingly, under *Slack*, this Court must first determine whether reasonable jurists could disagree that the Petition states a valid claim of the denial of a constitutional right. *Id.* In conducting this inquiry, a court should take a "quick look" at the petition to determine whether the petitioner has "facially alleged the denial of a constitutional right" and apply the standard of review applicable under Fed. R. Civ. P. 12(b)(6). *Lambright v. Stewart*, 220 F.3d 1022, 1026-27 n.5 (9th Cir. 2000) citing *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (holding that the petitioner was entitled to a certificate of appealability after determining that one of his claims, taken as true, alleged the denial of a constitutional right).

Undertaking this analysis, this Court finds that at least one of the Petitioner's claims alleges the denial of a constitutional right. For example, the Petitioner alleges that, although he desired to testify at his murder trial and the subsequent sentencing proceedings, his attorney denied him that right. The Petitioner alleges that if his attorney had allowed him to testify he would have presented evidence pertinent to the guilt and sentencing phases of his trial.

The Eleventh Circuit has previously held that "a criminal defendant has a *fundamental* constitutional right to testify in his or her own behalf at trial. This right is personal to the defendant and cannot be waived either by the trial court or by defense counsel." *United States v. Teague*, 953 F.2d 1525, 1532 (11th Cir. 1992) (en banc). The *Teague* court held that a defense attorney's performance falls below the constitutional minimum set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), when the defense attorney either (1) refuses to call the defendant to the witness stand after the defendant has expressed his desire to testify or (2) fails to inform the defendant of his right to testify. *Id.* at 1534.

Accordingly, accepting the allegations in the Petition as true, the Petitioner has facially

2

alleged the denial of a constitutional right.[1]

Under the second prong of *Slack* this Court must decide whether reasonable jurists could disagree that the Petitioner's claims were barred by AEDPA's one-year statute of limitations. As this Court indicated in its order denying the Petition, a district court may consider a time-barred habeas petition under the doctrine of equitable tolling if the petition was untimely filed because of "extraordinary circumstances that [were] both beyond [the petitioner's] control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Under certain circumstances, a district court may be required to conduct an evidentiary hearing to determine whether the petitioner exercised the requisite diligence. *See, e.g., Hollinger v. Sec'y Dep't of Corrs.*, No. 08-15472, 2009 WL 1833746, at *5 (11th Cir. June 26, 2009). In its order denying the Petition, this Court exercised its discretion to determine that an evidentiary hearing was not necessary. *See Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1292 (11th Cir. 2002) (holding that § 2244 "does not require a hearing on the issue of time-bar or equitable tolling, so the decision as to whether to conduct an evidentiary inquiry is a matter left to the sound discretion of the district court").

When a court exercises its discretion, it may reach a decision with which a reviewing court might disagree. *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001) (recognizing that where a district court has "a range of choice," it may reach a decision that "would have gone the other way had the choice been [the reviewing judge's] to make"). Accordingly, when this Court exercised its discretion to determine that an evidentiary hearing was not necessary to ascertain whether the Petitioner qualified for equitable tolling, it necessarily made a decision with which reasonable jurists could disagree.

Therefore, this Court grants a certificate of appealability on the following issues:

Whether a district court is required to conduct an evidentiary hearing to determine whether the petitioner's delayed receipt of a U.S. Supreme Court order denying his petition for writ of certiorari ultimately resulted in the untimely filing of his habeas corpus petition.

Whether a district court may apply equitable tolling to consider an untimely petition

---

[1] To be abundantly clear, in conducting its "quick look" analysis, this Court does not consider whether the Petitioner's attorney *in fact* prevented the Petitioner from testifying at any phase of his trial. The Court also does not consider whether the Petitioner has preserved this claim of ineffective assistance of counsel.

under 28 U.S.C. § 2254 where the petition was untimely filed because the petitioner did not receive actual notice of a U.S. Supreme Court order triggering the commencement of the one-year limitation set forth in 28 U.S.C. § 2244(d)(1)(A) until that order was docketed two weeks later with the state supreme court. If the district court applied equitable tolling to account for the two-week delay that occurred at the beginning of the one-year limitation set forth in § 2244(d)(1)(A), the petition would be subject to the district court's review.

DONE and ORDERED in Chambers, Miami, Florida, September 4, 2009.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All Counsel of Record